Harrell v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:

DENNIS JACOBS,

REENA RAGGI,

GERARD E. LYNCH,

Circuit Judges.

_____

CHRISTOPHER S. HARRELL, SR.,

INGRID T HARRELL,

Petitioners-Appellants,

v.                                              17-4133

COMMISSIONER OF INTERNAL

REVENUE,

**Respondent-Appellee.**

_____

**FOR PETITIONERS-APPELLANTS:**          CHRISTOPHER HARRELL, INGRID HARRELL, pro se, Staten Island, NY.

**FOR RESPONDENT-APPELLEE:**          DEBORAH K. SNYDER, KAREN G. GREGORY, for RICHARD E. ZUCKERMAN, Principal Deputy Assistant Attorney General, Department of Justice, Washington, D.C.

Appeal from an order and decision of the United States Tax Court (Thornton, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED** in part and **REMANDED** to correct certain arithmetic errors in the calculations of the deficiency judgment.

Appellants Christopher and Ingrid Harrell, pro se, appeal from a May 8, 2017 decision of the Tax Court denying their claims to income tax exclusions and deductions related to their annuity income, and an October 27, 2017 decision finding deficiencies in their 2009 and 2010 income taxes in the amounts of $7,071 and $4,236, respectively.   The Commissioner moves for a limited remand to correct arithmetic errors in the Tax Court's computations.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the Tax Court's legal conclusions de novo and its factual findings for clear error.   <u>Chai v. Comm'r of Internal Revenue</u>, 851 F.3d 190, 204 (2d Cir. 2017); <u>see</u> I.R.C. § 7482(a)(1).

**1.** The taxpayer bears the burden of proving entitlement to a deduction or that a claimed exclusion falls within an exclusionary provision of the Code. Scheidelman v. Comm'r of Internal Revenue, 755 F.3d 148, 154 (2d Cir. 2014) (citing INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84 (1992)) (deductions); Taggi v. United States, 35 F.3d 93, 95 (2d Cir. 1994) (exemptions).[1]

The Harrells argue that the Tax Court failed to apply the "general rule," pursuant to which, gross income includes annuity payments, except the portion of the annuity "which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract (as of such date)." I.R.C. § 72(b)(1). An employee's "investment in the contract" is the consideration paid for the contract from the employee's taxable income. Id. § 72(c)(1), (f)(1). In addition, the laws then treated up to $5,000 in employer benefits "paid by reason of the death of the employee" as an additional investment in the contract. See id. § 101(b)(1), (2)(A), (D) (1994), repealed by Small Business Job Protection Act of 1996, PL 104–188, § 1402, August 20, 1996, 110 Stat 1789.

As the Tax Court found, the Harrells failed to demonstrate that the investment in contract here included any amount above the $5,000 exclusion. The Harrells argue that they are entitled to deduct $11,245 in required "basic" employee contributions because the contributions constitute an investment in the contract. However, investment in a contract only applies to taxable income. According to plan documents, the required "basic" employee contributions were pre-tax, and the Harrells produced no evidence that the $11,245 included any after-tax contributions. Therefore, there is no error in the Tax Court's calculation of the ratio between the $5,000 investment in contract to the expected return under the contract. Accordingly, there is no error in the Tax Court's

---

[1] The burden of proof shifts to the Commissioner under certain circumstances. See I.R.C. § 7491(a). But the Tax Court determined that burden shifting was not applicable in this case. And the Harrells have waived any argument on this issue. See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (issues not raised in a pro se appellate brief are abandoned).

3

determination that the Harrells were entitled to exclude only $86 per year from their gross income on the above basis for 2009 and 2010.

**2.** The Tax Court also correctly found that the Harrells were not entitled to deduct funeral and estate expenses from their income. The Harrells argue that this deduction can be taken from the annuity, which they contend constitutes an estate asset from which they can claim the expenses as an estate tax deduction. However, funeral and estate expenses are "personal, living, or family expenses," which may not be deducted on an income tax return unless specifically permitted. See I.R.C. § 262; Beck v. Comm'r of Internal Revenue, 82 T.C.M. (CCH) 738, 2001 WL 1188462, at *10 (T.C. Oct. 9, 2001). The Harrells have not identified a provision permitting such a deduction, nor have they identified a basis for their assertion that they can claim estate tax deductions on an income tax return.

**3**. Rule 155 directs the parties to file computations consistent with the Tax Court's determination of the issues. Tax Ct. R. 155(a), (b). The Tax Court resolves any disputes between the parties. Tax. Ct. R. 155(b). Arguments under Rule 155 are "confined strictly to the consideration of the correct computation . . . resulting from the findings and conclusions made by the Court," and the parties are not permitted to raise arguments as to "the issues or matters disposed of by the Court's [prior] findings and conclusions or to any new issues." Tax Ct. R. 155(c).

The Harrells argue that the Tax Court's Rule 155 computations are erroneous because they differ from the Harrells' own computations. However, their brief fails to offer any reason that the Tax Court's calculations are incorrect, or identify the ways that their calculations differ from the Tax Court's. And the numbers that the Harrells used to produce their amended returns differ from the stipulations. For example, the Harrells stipulated to a $3,350 deduction for real estate taxes in 2009, but they claimed a $13,100 deduction in their amended return. Because the Harrells did not contest these stipulated facts prior to the Rule 155 proceedings, their later assertion of different figures is improper in a Rule 155 proceeding. See Tax Ct. R. 155(c).

4

The Commissioner points out that the Tax Court miscalculated the Harrells' tax deficiency for both years by (1) adding the excludable $86 portion of the annuity to the Harrells' taxable gross income, rather than subtracting it and (2) failing to include a $250 deduction for educator expenses that the Harrells had initially claimed and the Commissioner never contested.   The Tax Court therefore overstated the Harrells' deficiencies by $30 for 2009 and $44 for 2010, and the correctly calculated deficiencies are $7,041 for 2009 and $4,192 for 2010. Because these are plain errors, we remand to correct the Rule 155 calculations.

**4.** The Harrells' argue that the Commissioner improperly withheld their 2017 tax refund.   However, taxpayers are not entitled to a stay of collection pending judicial review unless they file a bond.   I.R.C. § 7485.

**5**. The Harrells argue that they are entitled to claim additional business expenses because they received erroneous advice from an IRS employee on that issue, and that they are entitled to relief from interest liability resulting from the Commissioner's delays in assessing their tax deficiency.   Because the Harrells did not raise these arguments before the Tax Court, we will not consider them on appeal.   See Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

We have considered all of the Harrells' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the decision of the Tax Court in all respects except for its calculation of the Harrells' tax deficiencies and **REMAND** to correct the arithmetic errors described above.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5